### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FAROOQUE AHMED, 77315-083,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 24-cv-01467-JPG |
| | ) |
| **USA,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER DISMISSING CASE

**GILBERT, District Judge:**

This case was opened on June 10, 2024, upon receipt of an unsigned Complaint filed by Plaintiff Farooque Ahmed without prepayment of the $405.00 filing fee or a motion for leave to proceed *in forma pauperis* (IFP motion). (Doc. 1). On June 10, 2024 and June 11, 2024, the Court entered two Orders requiring Plaintiff to submit a signed Complaint, along with the $405.00 filing fee or a properly completed IFP motion no later than July 9, 2024. (Docs. 3 and 4). The Court explained that the IFP motion must be supported by a certified trust fund account statement covering the six-month period immediately preceding this action (*i.e.*, December 10, 2023 through June 10, 2024). *Id*. Plaintiff was warned that failure to comply with the Court's Orders would result in dismissal. *Id*.

Plaintiff filed a signed Complaint without an IFP motion, and the Court entered an Order striking the original Complaint (Doc. 1) and dismissing the signed Complaint (Doc. 9) for failure to state a claim on September 5, 2024. (Doc. 11). Plaintiff was granted leave to file an Amended Complaint and required to either prepay the filing fee or file a properly completed IFP motion in order to proceed with this action. Following numerous extensions, Plaintiff filed an IFP motion (Doc. 18) and First Amended Complaint (Doc. 19) on January 27, 2025.

The Court denied the IFP motion the following day and deferred screening of the First Amended Complaint under 28 U.S.C. § 1915A until Plaintiff complied with the below Order:

> ORDER DENYING Motion for Leave to Proceed In Forma Pauperis (Doc. 18) without prejudice and ORDER TO SHOW CAUSE: Plaintiff commenced this action on June 10, 2024, without filing a signed Complaint or Motion for Leave to Proceed in forma pauperis (IFP motion). The Court ordered him to submit a properly signed Complaint on or before July 9, 2024, along with the full filing fee of $405.00 or signed and properly completed IFP motion. See Docs. 3 and 4. He was WARNED that failure to comply with the Orders (Docs. 3 and 4) would result in the striking of Plaintiff's unsigned Complaint and the dismissal of this action after this deadline expired. See FED. R. CIV. P. 41(b). When he missed the deadline, the Court entered a Notice of Impending Dismissal on July 11, 2024. (Doc. 7). Thereafter, Plaintiff filed a signed Complaint (Doc. 9), without an IFP Motion, that did not survive screening (Doc. 11). Plaintiff was allowed to file an Amended Complaint on or before January 14, 2025. Two weeks after the deadline expired, the Court received an Amended Complaint (Doc. 19) and a handwritten IFP Motion (Doc. 18). The IFP Motion lacks all information necessary to analyze his belated request for IFP status as he failed to provide the necessary prisoner trust fund account information as required by the Prison Litigation Reform Act to determine whether the inmate is entitled to proceed without prepaying fees and costs. The IFP motion consists of a one-sentence request for IFP status and a copy of financial information for the six months after he filed suit--not the six months preceding this action (12/10/23-6/10/24). Plaintiff's IFP Motion is DENIED. On or before FEBRUARY 14, 2025, Plaintiff is ORDERED to SHOW CAUSE why this case should not be dismissed for failure to comply with the Court's Orders here and at Docs. 3 and 4 to file a properly completed IFP motion. The Show Cause Order may only be satisfied by submitting a properly completed IFP motion, along with a certified Trust Fund Statement for the six month period preceding the filing of this action (12/10/23-6/10/24), prior to this deadline. **This action will be dismissed after this deadline expires, and no further extensions will be granted.** The Court DEFERS screening of the Amended Complaint (Doc. 19) until Plaintiff satisfies this Show Cause Order. The Clerk's Office is DIRECTED to SEND Plaintiff a blank form IFP Motion, along with this Order.

(Doc. 20) (emphasis added).

On February 25, 2025, the Court received Plaintiff's IFP motion that was signed February 10, 2025. (Doc. 21). Like the one filed before it, Plaintiff's newest IFP motion is incomplete. Most of it blank is blank. The trust fund statement covers the wrong time period. The statement that Plaintiff provided shows that he currently has sufficient funds to pay the filing fee for this action.

Plaintiff has repeatedly disregarded this Court's Orders and most recently failed to satisfy the Court's Order to Show Cause (Doc. 20). He will be given no more opportunities to do so. Accordingly, Plaintiff's IFP motion will be denied, and this case will be dismissed without prejudice for failure to comply with the Court's Orders (*e.g.,* Docs. 3, 4, and 20).

## Disposition

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 21) is **DENIED**, and this case is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's Orders at Docs. 3, 4, and 20. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $405.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The agency having custody of Plaintiff is directed to remit the $405.00 filing fee from his prison trust fund account if such funds are available. If he does not have $405.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $405.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $402.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to send a copy of this

Order to the Trust Fund Officer at the Allenwood Federal Correctional Institutional in White Deer, Pennsylvania *upon entry of this Order*.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  3/3/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
